# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 11-3424

———————————————

Terri Jo Anderson

*Plaintiff - Appellant*

v.

Michael J. Astrue, Commissioner of Social Security

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: June 15, 2012
Filed: October 23, 2012

——————————

Before SMITH, BEAM, and SHEPHERD, Circuit Judges.

——————————

BEAM, Circuit Judge.

Terri Jo Anderson appeals from the magistrate judge's[1] decision affirming the Commissioner's denial of social security disability insurance benefits. We affirm.

———————————

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.    BACKGROUND

On February 15, 2007, Anderson applied for social security disability benefits. Anderson alleged disability beginning on January 19, 2006, due to fibromyalgia, arthritis, heart problems, and irritable bowl syndrome (IBS). After the Commissioner initially denied Anderson's claim, she sought a hearing before an administrative law judge (ALJ).

At the time of the hearing, Anderson was forty-five years old, had obtained a high-school education, and lived with her husband and adult son. Before the ALJ, Anderson claimed disability primarily arising from pain in her neck and lower back. The hearing evidence chiefly consisted of medical records and live testimony from Anderson, her husband, and a vocational expert. Anderson testified that she had previously been employed as a waitress and clerical worker. The record also reveals that Anderson held positions as a driver, a catering assistant, a cashier and a house cleaner. According to Anderson, the pain in her back and her IBS prevented her from continuing as a waitress, house cleaner, and clerical worker.

Anderson further testified about her abilities and limitations. Anderson stated that she is able to stand about ten to fifteen minutes at a time, sit for fifteen minutes, and walk a half mile before needing rest. During a typical eight-hour day, Anderson sits with her feet elevated four to six hours. Anderson prepares meals for her family and does some household chores but needs the aid of her family to perform certain tasks. In Anderson's opinion, she can carry around five pounds but not for an extended period. Anderson is able to drive, shop for groceries, go to the beauty parlor, plant flowers, attend Jehovah's Witness service at Kingdom Hall, and attend bible study. Pain in her back limits the time during which Anderson is able to engage in certain hobbies such as sewing and crafts. Notwithstanding her back pain, in July 2008, Anderson told her doctor that she had been doing significant traveling and "riding around."

Prior to the hearing, Anderson's treating neurologist, Dr. Kent Cooper, completed a form entitled "Evaluation of Functional Capacity." The ALJ received this evaluation into evidence. Dr. Cooper documented his evaluation on a pre-printed form, requiring him to circle or check particular, pre-determined responses on the form. In a typical eight-hour workday, one which required a substantial amount of standing, Dr. Cooper indicated that Anderson could only stand for one hour before her pain became too distracting for job-related activity. For a job that required a substantial amount of sitting in a typical eight-hour workday, Dr. Cooper indicated that Anderson could only sit one hour before her pain became too distracting to perform job-related tasks. Finally, Dr. Cooper indicated that Anderson could alternate between sitting and standing for only two hours before her pain became too distracting. Dr. Cooper also stated that Anderson had several mild to substantial physical limitations and ultimately determined that Anderson's pain placed a substantial limitation on her ability to perform in a work setting.

Evaluating Anderson's claim for disability benefits pursuant to 20 C.F.R. § 404.1520, the ALJ made the following findings and conclusions: (1) Anderson had not engaged in substantial gainful activity since January 19, 2006, see 20 C.F.R. 404.1572; (2) Anderson has severe impairments, including degenerative lumbar disc disease, degenerative cervical disc disease, and general myalgia, see 20 C.F.R. § 404.1521; (3) these impairments are not deemed "listed impairments" or medically equivalent to a "listed impairment," see 20 C.F.R. §§ 404.1525, 404.1526; (4) Anderson has the "residual functional capacity" to perform sedentary and light work, see 20 C.F.R. §§ 404.1545, 404.1567; (5) Anderson is capable of performing past relevant work, see 20 C.F.R. § 404.1565; and (6) Anderson is not "disabled," for purposes of receiving social security benefits, see 20 C.F.R. § 404.1520(f).

The Appeals Council denied further review of the ALJ's decision, and the magistrate judge affirmed the ALJ's decision. Anderson now seeks review by this court, arguing that substantial evidence does not support the ALJ's decision.

## II. DISCUSSION

In this social security case, where the Appeals Council denied further review, the ALJ's decision is deemed the final decision of the Commissioner. Davidson v. Astrue, 501 F.3d 987, 989 (8th Cir. 2007). We review de novo the magistrate judge's decision upholding the Commissioner's denial of disability benefits. Jones v. Astrue, 619 F.3d 963, 968 (8th Cir. 2010). We will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole. Id. Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Id. (alteration in original) (quotation omitted). In evaluating for substantial evidence, we "consider the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." Id. (quotation omitted). If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions, we must affirm. Id.

Anderson's primary challenge on appeal is that the record does not support the ALJ's decision, because the ALJ erred in rejecting the opinion of Dr. Cooper, Anderson's treating neurologist. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons"

to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

First, Anderson argues that the ALJ erred in relying on the opinion of the vocational consultant–a non-medical expert–as a basis to reject Dr. Cooper's evaluation. We quickly dispose of this argument as a review of the ALJ's decision shows that the ALJ relied on the entire record–including substantial medical evidence–in rejecting Dr. Cooper's functional assessment. To say that the ALJ relied solely on the testimony of the vocational consultant represents a gross misreading of the ALJ's thorough decision.

Next, Anderson contends that the ALJ incorrectly applied the law by summarily rejecting Dr. Cooper's evaluation because it appeared on a pre-printed, checkbox form. Again, Anderson misconstrues the ALJ's decision. The ALJ determined that Dr. Cooper's evaluation of Anderson's functional capacity was not entitled to much weight due to its conclusory nature and "because the assertions in that form are not supported by, and are inconsistent with, the information contained in doctor's treatment notes and in the other medical records." The only explanatory statement on the checkbox form indicates that Anderson "has fibromyalgia which causes a lot of joint pain for her." Thus, the ALJ focused on treatment notes and medical records to form the basis of its decision.

The process by which the ALJ approached Dr. Cooper's evaluation is consistent with our precedent. Indeed, we have recognized that a conclusory checkbox form has little evidentiary value when it "cites no medical evidence, and provides little to no elaboration." Wildman, 596 F.3d at 964. Similarly, in Hogan v. Apfel, we determined that the ALJ properly discounted the physician's medical source statement because the statement contained limitations that "stand alone," did not exist in the physician's treating notes, and were not corroborated through objective medical testing. 239 F.3d 958, 961 (8th Cir. 2001).

Here, Dr. Cooper's evaluation is of the same conclusory nature as the statement in Wildman. And, too, we agree with the ALJ that the significant limitations Dr. Cooper expressed in his evaluation are not reflected in any treatment notes or medical records. See Teague v. Astrue, 638 F.3d 611, 616 (8th Cir. 2011) (determining ALJ properly discounted medical source statement when physician's notes "reported no findings of significant limitation or inability to work"); Hogan, 239 F.3d at 961. Furthermore, Anderson's daily activities belie the physical limitations contained in Dr. Cooper's evaluation. See Owen v. Astrue, 551 F.3d 792, 799 (8th Cir. 2008). While we recognize that a claimant "need not be completely bedridden . . . to be considered disabled," Ludden v. Bowen, 888 F.2d 1246, 1248 (8th Cir. 1989) (quotation omitted), if a doctor evaluates a patient as having more physical limitations than the patient actually exhibits in her daily living, an ALJ need not ignore the inconsistency. Therefore, when viewing the entire record, we perceive no error in the minimal weight the ALJ afforded Dr. Cooper's evaluation, and we conclude substantial evidence supports the ALJ's decision.

## III.   CONCLUSION

We affirm.

_____