# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3857

_____

Dollie Galbreath

*Plaintiff - Appellant*

v.

Carolyn W. Colvin,[1] Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: July 22, 2013
Filed: July 25, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

_____

[1]Carolyn W. Colvin has been appointed to serve as acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Dollie Galbreath appeals the district court's[2] order affirming the denial of supplemental security income. Upon de novo review of the record, see Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012), we find that the administrative law judge's (ALJ's) adverse decision is supported by substantial evidence in the record as a whole; and in particular, we reject Galbreath's challenges to the ALJ's residual functional capacity (RFC) findings. See Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (medical records, physician observations, and claimant's subjective statements about capabilities may be used to support RFC; RFC must be supported by some medical evidence, but burden of persuasion to prove disability and show RFC remains on claimant); Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (treating physician's opinion does not automatically control; where limitations listed on form were never mentioned in treatment notes or supported by objective testing or reasoning, ALJ's decision to discount them should be upheld).[3] In making a related challenge to the ALJ's hypothetical, Galbreath fails to recognize that the ALJ based his determination that she was not disabled on the vocational expert's (VE's) responses to two hypotheticals, one of which incorporated the limitations that she contends were improperly omitted. See Buckner v. Astrue, 646 F.3d 549, 560-61 (8th Cir. 2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical accounting for all of claimant's proven impairments; hypothetical must include those impairments that ALJ finds substantially supported by record as whole). The judgment is affirmed.

---

[2]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]Galbreath does not address the ALJ's adverse credibility determination. See Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005) (claimant failed to recognize that ALJ's RFC determination was influenced by determination that her allegations were less than credible); see also Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (issue is deemed abandoned when it is not raised or discussed in brief).