# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3787

_____

Bobby Pipkin

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Commissioner, Social Security Commission

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: July 5, 2013
Filed: August 22, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Bobby Pipkin appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon de novo review of the record, see Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012), and careful consideration of Pipkin's arguments,[2] we find no basis for reversal. Specifically, because the administrative law judge (ALJ) gave several valid reasons for his credibility determination, it is entitled to deference. See Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012). Further, the ALJ properly discounted the opinions of a consulting physician and psychologist as to Pipkin's residual functional capacity (RFC), see Lacroix v. Barnhart, 465 F.3d 881, 888 (8th Cir. 2006) (opinion of consulting physician who examines claimant once does not generally constitute substantial evidence); and the ALJ's RFC determination is supported by some medical evidence, as required, as it is consistent with the medical findings and diagnostic test results in the treatment records, see Jones v. Astrue, 619 F.3d 963, 971-72 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Finally, because Pipkin bases his challenge to the ALJ's hypothetical on his other arguments, this challenge necessarily fails as well. The judgment of the district court is affirmed.

———————————————

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Pipkin has waived several issues on appeal by not addressing them in his brief, such as the finding that certain of his allegedly disabling impairments were not severe. See Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006).