BRIGHT, Circuit Judge,
dissenting.
I respectfully dissent. Because the ALJ failed to provide “good reasons” for rejecting Dr. Allen’s medical opinion, I would reverse and remand to the district court with instructions to remand to the ALJ so that it may reconsider Cline’s application after giving Dr. Allen’s opinion proper weight.
In assessing whether a claimant is disabled for the purposes of determining eligibility for Social Security benefits, the ALJ must give a treating physician’s opin *1105 ion “controlling weight” if it “is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.” 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). If these conditions are not satisfied, less weight may be given to the treating physician’s opinion, but the ALJ must always “give good reasons” for doing so. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir.2012) (quoting 20 C.F.R. § 404.1527(c)(2)).
Here, some conflict exists among the opinions of various physicians as to the nature and extent of Cline’s medical condition. In assessing this evidence, the ALJ gave “little weight” to the opinion of Dr. Allen, Cline’s treating physician, on the ground that “it is inconsistent with [his] treatment records and the objective medical evidence as a whole.” The record does not support this conclusion.
Dr. Allen’s treatment notes are not inconsistent with his medical source statement. Dr. Allen’s notes reflect that from November 2008 to March 2010, he frequently treated Cline for severe back pain and prescribed her medication for pain management. Cline’s chronic back pain is consistent with Dr. Allen’s opinion that Cline is unable to perform light work. Moreover, the lack of physical abnormalities found by Dr. Allen during his examination of Cline on March 5, 2010,[5] is hardly inconsistent with the medical source statement he completed that same day. The “General Examination” listed in Dr. Allen’s March 2010 treatment notes appears to be exactly that: general. The examination lacks any indicia that it was targeted at diagnosing more complex conditions such as fibromyalgia or spinal abnormalities. And even if the examination was more thorough than the treatment notes indicate, the ALJ failed to acknowledge that a physical examination yielding normal results is consistent with a diagnosis of fibromyalgia — -a condition that Dr. Allen listed as a basis for his opinion that Cline is unable to perform light work. See Green-Younger v. Barnhart, 335 F.3d 99, 108-09 (2d Cir.2003) (noting that physical examinations of those with fibromyalgia “will usually yield normal results — a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions” (citation and internal quotation marks omitted)).
Nor is Dr. Allen’s opinion inconsistent with the objective medical evidence as a whole. This is not a case in which the overwhelming thrust of the medical evidence suggests that Cline is able to perform light work. At the very least, the record includes objective medical evidence supporting each party’s position. Although the ALJ can “weigh conflicting evidence to resolve disagreements among physicians,” Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir.2007), it cannot reject a treating physician’s opinion simply because the objective medical evidence is mixed. See 20 C.F.R. § 404.1527(c)(2).
Furthermore, the ALJ was not entitled to reject Dr. Allen’s opinion on the ground that the physical limitations set forth in his medical source statement are not listed in his treatment notes. The ALJ has an “independent duty to develop the record” and is required “to seek additional clarifying statements from a treating physician” when “a crucial issue is undeveloped.” Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir.2005); see also Bowman v. Barnhart, 310 F.3d 1080, 1085 (8th Cir.2002) (explaining that the ALJ was obligated to contact *1106 the treating physician for additional evidence or clarification where the entries in his medical notes were “somewhat conclu-sory”). Dr. Allen treated Cline more frequently and for a longer period of time than any other after November 10, 2009— the alleged disability onset date. Thus, it stands to reason that of all doctors whose medical opinions appear in the record, Dr. Allen was “most able to provide a detailed, longitudinal picture of [Cline’s] medical impairment[s],” which is the very reason we presume that a treating physician’s opinion is of utmost importance in assessing a claimant’s application for benefits. 20 C.F.R. § 404.1527(c)(2). Because Dr. Allen’s medical opinion was itself a “crucial issue” in this litigation, the ALJ was obligated to seek clarifying evidence from Dr. Allen if concerned that his treatment notes were inadequate, unclear, or incomplete.[6] See Goff, 421 F.3d at 791.
In closing, I fear that the majority’s decision today reflects this court’s increasing tendency to rubber stamp an ALJ’s action instead of subjecting it to the “scrutinizing analysis” required by our precedent. See Cooper v. Sullivan, 919 F.2d 1317, 1320 (8th Cir.1990). The ALJ’s rejection of Dr. Allen’s opinion was error in light of the record as a whole. Because the ALJ failed to provide “good reasons” for rejecting Dr. Allen’s opinion, 20 C.F.R. § 404.1527(c)(2), and because such error was not harmless, I would reverse and remand to the district court with instructions to remand to the ALJ so that it may reconsider Cline’s application after giving Dr. Allen’s opinion proper weight.

. Attempting to compare Dr. Allen’s medical opinion with contemporaneous physical examinations, the ALJ appears to have mistakenly relied on the March 5, 2009, examination of Cline, which Dr. Allen completed one year prior to his March 2010 medical source statement.

. Although the ALJ may reject a treating physician’s opinion without seeking additional evidence when the opinion is "inconsistent with other substantial evidence” in the record, Goff, 421 F.3d at 791, this case does not present such a scenario for the reasons discussed.