# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-2112

———————————————

Margie Gregor

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

——————————

Submitted: December 30, 2015
Filed: January 13, 2016
[Unpublished]

——————————

Before SMITH, BYE, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Margie Gregor appeals the district court's[1] order affirming the Commissioner's denial of disability insurance benefits after her hearing before an administrative law judge (ALJ). Following careful de novo review, and for the reasons explained below, we conclude that substantial evidence in the record as a whole supports the denial of Gregor's application. See Perks v. Astrue, 687 F.3d 1086, 1091, 1093 (8th Cir. 2012) (standard of review).

For reversal, Gregor challenges the ALJ's determination that her fibromyalgia and musculoskeletal complaints failed to meet or equal a listing, and argues that the ALJ's determination is undermined by additional evidence: a post-hearing report prepared by her treating rheumatologist, James Logan, M.D.[2] Upon careful de novo review, we conclude that Gregor failed to meet her burden of showing the requisite major dysfunction of a joint with the necessary clinical evidence and resulting inability to ambulate effectively, see 20 C.F.R Pt. 404, Subpt. P, App. 1 § 1.02 (major dysfunction of a joint); or deformity in one major peripheral weight-bearing joint resulting in inability to ambulate effectively, see 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.09 (inflammatory arthritis); Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) (claimant has burden of establishing impairments meet or equal listing). We further conclude that Dr. Logan's report did not undermine the ALJ's determination, because it was a conclusory checkbox form that cited no medical evidence; provided little to no elaboration; and expressed limitations that were not reflected in treatment notes or medical records. See Anderson v. Astrue, 696 F.3d 790, 793-94 (8th Cir. 2012).

---

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Gregor's arguments challenging the ALJ's determination of her residual functional capacity are not properly before us, as she failed to raise this matter to the district court. See Pelkey v. Barnhart, 433 F.3d 575, 580 (8th Cir. 2006) (arguments not articulated before district court are waived).

The judgment of the district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____