# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2270

_____

Tammy Gates

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 10, 2018
Filed: May 14, 2018
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Tammy Gates appeals from the judgment of the district court[1] upholding the denial of her application for Social Security disability benefits. We affirm.

Gates applied for disability-insurance benefits based on urinary incontinence and pain in her neck, back, and arm. During the application process, Gates's treating physician, Dr. Charles Davidson, submitted a letter explaining that Gates suffered from such severe neck and back pain that, in an eight-hour workday, she could not walk for more than two hours or sit for more than four hours. A vocational expert testified that a person with these limitations would be unable to maintain a full-time job.

The administrative law judge ("ALJ") applied the five-step evaluation process from 20 C.F.R. § 404.1520(a)(4), and concluded that Gates had the residual functional capacity to perform her previous work as a secretary, a largely sedentary job. In denying her application, the ALJ gave little weight to Dr. Davidson's letter. The district court affirmed. On appeal, Gates argues that the ALJ erred by failing to give Dr. Davidson's letter the "controlling weight" it deserved. *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000).

We review the district court's decision de novo and will uphold the Commissioner's determination if there is "substantial evidence on the record as a whole" to support it. *Vance v. Berryhill*, 860 F.3d 1114, 1117 (8th Cir. 2017); *see also* 42 U.S.C. § 405(g). In this case, Dr. Davidson's opinion letter was not entitled to "controlling weight" because it was "inconsistent with the other substantial evidence in the record."[2] *Cunningham*, 222 F.3d at 502. Specifically, the opinion

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

[2]Since Gates filed her claim, the Social Security Administration has adopted new regulations governing the weight given to treating physicians' opinions. *See* 20

letter conflicted with Dr. Davidson's treatment notes, which described Gates's pain as generally moderate, stated that prescription medication relieved her pain, and did not mention any limitations on her ability to sit or walk. An ALJ may discount a treating physician's opinion when it is inconsistent with the physician's treatment notes. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[T]he ALJ properly discounted the physician's [opinion] because the [opinion] contained limitations that stand alone, did not exist in the physician's treating notes, and were not corroborated through objective medical testing." (internal quotation marks and citation omitted)).

After careful review of the record as a whole, we conclude that substantial evidence supports the ALJ's decision. Dr. Davidson's treatment notes, the opinion of a consulting physician, and Gates's description of her daily activities all indicated that Gates's limitations and pain were not severe enough to prevent her from working.

The judgment of the district court is affirmed.

_____

C.F.R. § 404.1520c. Those regulations do not apply to Gates because she filed her claim before March 27, 2017, the effective date of the new regulations. *Id.*