**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1257

ELIZABETH LANGSTON,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Kaymani Daniels West, Magistrate Judge.  (5:20-cv-03334-KDW)

Submitted:  January 20, 2023                    Decided:  February 3, 2023

Before NIEMEYER and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** W. Daniel Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, Aiken, South Carolina, for Appellant. Brian C. O'Donnell, Regional Chief Counsel, Victor Pane, Supervisory Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Corey F. Ellis, United States Attorney, Timothy P. Reiley, Special Assistant Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Langston appeals the district court's order[1] upholding the Commissioner's denial of Langston's applications for disability insurance benefits and supplemental security income. On appeal, Langston argues that the Administrative Law Judge ("ALJ") erred by giving little weight to the opinion of Langston's treating physician and by discounting Langston's subjective complaints of pain. Because we agree that the ALJ did not correctly consider Langston's subjective symptoms,[2] we vacate the district court's judgment and direct the court to remand the case to the agency for further proceedings consistent with this opinion.

We review de novo the district court's decision to grant summary judgment. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). We will affirm if the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial

---

[1] The parties consented to the jurisdiction of the magistrate judge.

[2] Langston also alleges that the ALJ erred by failing to consider her abdominal pain when constructing her residual functional capacity ("RFC"). Because this claim (and certain other sub-claims argued in Langston's briefs) rest in part on the ALJ's determination of the credibility of Langston's subjective complaints, we do not separately address them. Further, Langston argues on appeal that the ALJ erred by failing to assess Langston's other conditions (such as diverticulitis and chronic pain syndrome) at step two of the evaluation process, which she contends also impacted her RFC. However, as the Commissioner notes, Langston raises the step-two claim for the first time on appeal. Langston referred to these conditions before the district court only in the context of discussing her RFC. Accordingly, Langston has forfeited consideration of her step-two claim. *See, e.g.*, *United States v. Turner Constr. Co.*, 946 F.3d 201, 208 (4th Cir. 2019). And because we remand for further consideration of her RFC on other grounds, we do not consider her argument that the ALJ failed to properly consider these conditions in the RFC analysis.

evidence." *Monroe v. Colvin*, 826 F.3d 176, 186 (4th Cir. 2016) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). We do not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ"; rather, "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets and internal quotation marks omitted).

In making a disability determination, the ALJ employs a five-step process, inquiring:

> [A]t step one[,] whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). If, at step three, the ALJ finds that the claimant's impairments match one of the regulations' listed impairments, then the claimant is deemed disabled and the analysis ends. Otherwise, the ALJ must determine the claimant's RFC before proceeding to steps four and five. *Id.* at 635. In determining the RFC, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Id.* at 636 (internal quotation marks omitted). Among

3

the listed functions are "physical abilities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." *Id.* at 636 n.5 (internal quotation marks omitted).

Langston first contends that the ALJ failed to properly consider the opinion of Douglas Swartz, her treating physician, and improperly gave his opinion little weight. Swartz opined that Langston was extremely limited in nearly all physical activities due to her spondylosis and chronic gastrointestinal issues. Swartz's opinion was a checklist form and contained no analysis; in addition, Langston's back and abdominal pain were not discussed, creating confusion as to whether Langston's limitations were due to strictly functional, physical issues or pain or both.

The treating physician rule requires that ALJs give "controlling weight" to a treating physician's opinion on the nature and severity of the claimant's impairment if that opinion is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).[3] "[T]he opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

---

[3] This regulation has been amended, but the original version is still applicable to Langston's claim because it was filed prior to March 27, 2017. *See* 20 C.F.R. § 404.1527.

4

Here, the ALJ gave Swartz's checklist opinion little weight, reasoning that (1) on the same day Swartz signed his opinion, Langston had an unremarkable physical examination in the emergency room, aside from mild to moderate abdominal tenderness; (2) Swartz relied on Langston's difficult recoveries from surgery, without noting that her condition improved after recovery; (3) Langston's weight was stable and her bowel sounds were consistently normal; (4) Swartz is a family physician, not a gastroenterologist or orthopedist; and (5) Swartz's conclusion that Langston's back condition was disabling contradicted his own treatment notes from the very next day, when he recorded that Langston had normal motor strength.  Because Swartz's brief opinion is contradicted by his own almost-contemporaneous treatment notes as well as examinations by other more specialized physicians, the ALJ did not err in giving Swartz's opinion little weight.  *See Wood v. Comm'r of Soc. Sec. Admin.*, No. 21-1905, 2022 WL 997306, at \*3 (4th Cir. Apr. 4, 2022) ("Notably, the ALJ gave more weight to [the providers'] contemporaneous observations and conclusions than to [their] disability forms, which contained certain conclusory questions and various check-box responses.  This was entirely appropriate." (citing *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration." (internal quotation marks omitted)))).

Langston next argues that the ALJ improperly considered her subjective complaints of pain and her corresponding limitations.  The regulations prescribe "a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); *see* 20 C.F.R. § 404.1529(b)–(c).

5

The ALJ first "looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Lewis*, 858 F.3d at 866. If (as here) the claimant has such a condition or impairment, then the ALJ must "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* The second step "requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." *Id.* But the ALJ may not reject a claimant's statements about the intensity or persistence of her pain or its effect on her ability to work solely because the medical evidence does not substantiate the claimant's statements. *Id.* (citing 20 C.F.R. § 404.1529(c)(2)). Instead, if the objective medical evidence does not support the claimant's statements, the ALJ must "examine the entire case record" when considering the "intensity, persistence, and limiting effects" of the symptoms. SSR 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017). Doing so requires the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017).

Here, the ALJ reviewed Langston's hearing testimony and found that her assertions about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record. In support, the ALJ noted that, despite Langston's complaints of nausea and stomach pain, her weight had actually increased. The ALJ also relied upon Langston's reports of her daily activities which included the ability to "tend to her personal hygiene, cook, wash dishes, dust, wash laundry, take care of her grandchildren, get her grandchildren to school, drive, take her medications

6

independently, shop for groceries, handle her finances, read, visit with her family, and watch television, activities, which generally reveal functioning at a greater level than alleged." J.A. 26.[4]  The ALJ termed her daily activities as "representative of a fairly active lifestyle and . . . not indicative of a significant restriction of activities or constriction of interests." J.A. 26.  In addition, the ALJ noted that doctors had not been able to find a physical reason for her abdominal pain, but that it might be caused by long-term opiate use and abdominal adhesions. J.A. 29.  Regarding Langston's back pain, the ALJ concluded that, while some mechanical back pain was supported by the objective medical evidence, Langston's "rather extreme complaints" were not. J.A. 29.  Finally, the ALJ gave a lengthy recitation of Langston's medical history, although the ALJ did not provide any analysis as to the conclusions to be drawn therefrom.

Langston contends that the ALJ erred by disregarding her statements about her abdominal pain because the ALJ could not find an objective medical explanation for the intensity of her pain. We agree. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) (finding that claimant is entitled to rely exclusively on subjective evidence to show intensity and extent of pain and fatigue); *Lewis*, 858 F.3d at 866 (requiring objective medical evidence to support claimant's evidence of pain intensity improperly increased claimant's burden of proof).  Indeed, the ALJ mentioned the lack of an official diagnosis in the same paragraph in which he noted that the RFC was supported by the evidence of record.  To be sure, the ALJ did not explicitly state that the lack of "cause for

---

[4] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

abdominal pain" was a primary reason to disregard Langston's complaints. However, the placement of this sentence implies that it was strongly related to the ALJ's consideration of Langston's functional capacity.[5] That was error.

Moreover, the ALJ erred by discrediting Langston's assertions of disabling pain based largely on her ability to perform daily activities. An ALJ must "build an accurate and logical bridge" from the evidence to his credibility determination. *Brown*, 873 F.3d at 269. But in this case, the ALJ failed to explain how Langston's ability to perform modest housework (such as cleaning, laundry, and cooking simple meals, with many breaks), drive (not daily), and enjoy physically undemanding, sedentary hobbies (watching television) undermined her assertions about her pain. *See id.* at 269–70 (finding ALJ who noted claimant's various activities erred by not acknowledging limited extent of activities or explaining how they showed claimant could sustain full-time job). In addition, the ALJ improperly relied upon Langston's daily activities without also considering her qualifying statements that her ability to participate in these activities had lessened over time and that, even back in 2014, she proffered that she could only perform the activities intermittently and with breaks and rest due to pain and fatigue. *See Arakas*, 983 F.3d at 99 (holding that ALJ must consider the extent to which claimant can perform different types of activities). Given Langston's testimony that nearly all activities were intermittent and required

---

[5] Moreover, Langston had been prescribed strong narcotics, including morphine, for nearly a decade to address her pain, which is objective medical evidence supporting her complaints of extreme pain, even if the cause was unknown.

numerous breaks, we conclude that substantial evidence does not support the ALJ's conclusion that Langston's daily activities were inconsistent with her subjective complaints of pain.  Moreover, the ALJ did not explain how Langston's limited activities demonstrated an ability to persist through an eight-hour workday, five days a week.  *See id.* at 100–01 (noting that the ability to perform household chores, drive, shop, walk for exercise, cook, and do yard work did not constitute substantial evidence of the ability to work full time in light of the applicant's testimony as to her limitations in conducting those activities).

The only other bases provided by the ALJ for rejecting Langston's testimony regarding her debilitating pain were the increase in her weight, the fact that some of her symptoms might be caused by opiate use, and the fact that the medical records did not mention that Langston used a cane.[6]  While increased weight and contradictory evidence about cane use could support rejecting Langston's testimony about the extent of her abdominal and back pain, absent any analysis by the ALJ, these factors are insufficient to overcome her ongoing complaints of pain, the prescription of strong pain medication, and her testimony as to her ability to complete daily tasks.  Regarding Langston's use of narcotics, the ALJ did not provide any discussion as to whether stopping their use would increase her pain, even if it decreased her GI symptoms.  Moreover, if the ALJ believed that Langston's GI symptoms were caused by narcotics, it is unclear why the ALJ partially discounted her complaints of GI issues.

---

[6] Langston testified in 2019 that she used a cane.

9

Because the ALJ's determination that Langston's daily activities were inconsistent with her complaints of disabling pain was not supported by substantial evidence and because the ALJ erred in considering the lack of objective evidence as a primary reason for rejecting Langston's subjective complaints, we vacate the district court's judgment and remand with instructions to remand the case to the agency for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*