**Edna F. HOLLIS, Plaintiff-Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education & Welfare, Defendant-Appellee.**

**No. 75–2314**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

William I. Aynes, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

Edna F. Hollis appeals from a district court affirmance of an Administrative Law Judge's determination that she was not eligible for widow disability benefits under section 202(e) of the Social Security Act (42 U.S.C. § 402(e)) prior to September, 1973. After carefully reviewing the record, we conclude that the district court did not err in holding that the

ineligibility determination was supported by substantial evidence.

Appellant argues (1) that it was reversible error for the Administrative Law Judge to interpret the medical findings of Dr. Warner Wood, whose report constituted the most damaging evidence against her; (2) that there was no evidence establishing that employment was reasonably available to her and hence that there was no substantial evidence tending to prove her ability to engage in substantial gainful employment; and (3) that she was denied procedural due process at her hearing when the Administrative Law Judge denied her request to cross-examine Dr. Wood.

■■■ The first contention is without merit, since Dr. Wood's remarks were interpreted by the Administrative Law Judge in a way which favored appellant; any conceivable error flowing from judicial interpretation of his report was thus harmless. In making the second argument, appellant seems to assume that the test for widow disability is the same as that for disabled workers and childhood disability beneficiaries. In enacting section 223(d)(2)(B) of the Social Security Act (42 U.S.C. § 423(d)(2)(B)), which defines the standard of disability for widow disability benefits, Congress established more stringent eligibility standards for widow disability benefits than for other categories of beneficiaries. See Frasier v. Finch, 313 F.Supp. 160 (N.D.Ala.1970), aff'd sub nom. Frasier v. Richardson, 5 Cir., 1970, 434 F.2d 597. According to this section, a widow

"shall not be determined to be under a disability . . . unless . . . her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in *any* gainful activity." 42 U.S.C. § 423(d)(2)(B) (emphasis added).

This standard contrasts with the test for disability applicable to non-widow beneficiaries, for whom the standard of disability is inability to engage in "substantial gainful activity" rather than "any gainful activity." 42 U.S.C. § 423(d)(2)(A); see Sullivan v. Weinberger, 5 Cir., 1974, 493 F.2d 855. The Senate Finance Committee report accompanying the section indicated that

[t]he determination of disability in the case of a widow or widower would be based solely on the level of severity of the impairment. Determinations in disabled widow and widower cases would be made without regard to nonmedical factors such as age, education, and work experience, which are considered in disabled worker cases. S.Rep.No.744, 90th Cong., 1st Sess., 49–50, U.S.Code Cong. & Admin.News 1967, p. 2883; see also H.R.Rep.No.544, 90th Cong., 1st Sess. 27, 31.

Evidence concerning the reasonable availability of employment that appellant would normally be expected to consider is thus irrelevant to the restrictive eligibility standards for obtaining widow disability benefits. Accordingly, lack of such evidence does not vitiate the district court's finding that there was substantial evidence supporting the administrative determination that appellant's level of impairment was not sufficiently severe to preclude her from engaging in any gainful activity. Finally, the decision of the Administrative Law Judge not to allow cross-examination of Dr. Wood was not a denial of procedural due process, since the appellant had not made a timely request to subpoena the doctor pursuant to 20 C.F.R. § 404.926, and thus had not exercised her right to secure the opportunity for cross-examination. See Richardson v. Perales, 402 U.S. 389, 402–05, 91 S.Ct. 1420, 1428–29, 28 L.Ed.2d 842 (1971). Moreover, as noted by the district court, there was no demonstration that the lost opportunity for cross-examination was prejudicial to appellant. Not only was the questioned evidence construed in the light most favorable to her claim, but in addition, there was substantial independent evidence which could have supported the Administrative Law Judge's findings.

Affirmed.