

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2005

# Jackson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jackson v. Comm Social Security" (2005). *2005 Decisions.* Paper 1573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1858

TAMARA A. JACKSON,  Appellant

v.

JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,  Appellee

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-142)
District Judge: The Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2004

Before: NYGAARD and GARTH, Circuit Judges.
and POLLAK,* District Judge.

(Filed January 6, 2005)
_____

OPINION OF THE COURT

_____

POLLAK, District Judge.

_____

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

This case arises from the denial of Tamara A. Jackson's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§§§ 401-433 and 1381-1381c ("Act"). Ms. Jackson appeals the district court's order granting summary judgment in favor of the Commissioner of the Social Security Administration. For the reasons that follow, we will affirm.

I.

Inasmuch as we write only for the parties it is not necessary to recite the facts of this case in detail. Ms. Jackson, who suffers from bipolar disorder and a borderline personality disorder, presents three claims to this court: First, she maintains that the Administrative Law Judge ("ALJ") erred in failing to comply with Social Security Ruling 00-4p, which requires that the ALJ ask a testifying vocational expert ("VE") whether there are any conflicts between his testimony and the Dictionary of Occupational Titles ("DOT"). Second, she argues that the ALJ failed to consider pertinent treatment records that would support the treating psychiatrist's medical source statement, and erred by giving more weight to the opinions of the non-examining state agency physician than to her treating psychiatrist. Finally, she contests the ALJ's adverse credibility determination.

We consider each claim in turn.[1]

A. Social Security Ruling 00-4p

On December 4, 2000, SSR 00-4p came into effect.[2] It states, *inter alia*, that "[w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT...." Because the ALJ adopted the VE's testimony without asking the VE about any possible conflict, Ms. Jackson maintains that the ALJ's non-disability determination cannot be supported by substantial evidence as a matter of law.

Ms. Jackson's argument is unavailing. By its language, SSR 00-4p requires the ALJ to inquire about potential conflicts only where the VE "provides evidence about the

_____

[1]We have jurisdiction over this summary judgment motion under 28 U.S.C. §§ 1291. <u>Fargnoli v. Halter</u>, 247 F.3d 34, 36 (3d Cir. 2001). We exercise plenary review over decisions to grant and deny motions for summary judgment. <u>Sutton v. Rasheed</u>, 323 F.3d 236, 248 (3d Cir. 2003). This means that we exercise de novo review of all legal questions presented by the Commissioner's final judgment, but review the factual findings only to see if they are supported by substantial evidence in the record. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate. Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. <u>Fargnoli</u>, 247 F.3d at 38.

[2]Ms. Jackson's hearing before the ALJ occurred on September 11, 2002. The ALJ was thus bound by SSR 00-4p.

requirements of a job or occupation," SSR 00-4p. Importantly, the VE did not describe the requirements of the jobs he believed Ms. Jackson could perform despite her impairments (AR 52). As such, the ALJ was not required to ask the VE about whether this portion of the VE's testimony conflicted with the DOT. While the VE did describe the requirements of Ms. Jackson's *past* employment (AR 51), the ALJ found that "the claimant cannot return to the nonexertional demands of her past relevant work." As such, even if it was error for the ALJ to fail to solicit testimony about potential conflicts between this portion of the VE's testimony and the DOT, the error was harmless. Where substantial evidence supports the ALJ's opinion and where the failure to solicit the testimony contemplated in SSR 00-4p is harmless, this court will not reverse the ALJ's decision. See Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir., 2003) ("Given ... the conflict between the VE's testimony and the DOT -- which worked to Boone's disadvantage -- ..., and the failure of the VE and the ALJ to acknowledge (much less explain) the conflict, we conclude that the VE's testimony does not by itself provide substantial evidence of a significant number of jobs in the economy that Boone can perform. We must consider, however, whether the record otherwise contains such evidence."). Cf. Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir., 2004) ("[T]his Court has not adopted a general rule that an unexplained conflict between a VE's testimony and the DOT necessarily requires reversal.") (internal citations omitted).

B. The ALJ's Treatment of the Medical Evidence

Ms. Jackson argues that the ALJ placed undue weight on the report of a non-examining physician prepared over a year before her hearing. She argues further that the ALJ inappropriately discounted a report submitted by her treating psychiatrist and failed to consider the treatment notes of this physician that would have sustained a finding of disability. As such, she maintains, the ALJ erred.

Ms. Jackson is incorrect. As his opinion reveals, the ALJ considered the full scope of treatment notes submitted by her treating psychiatrist, Dr. Booker Evans. He correctly found that the report Dr. Evans submitted was less probative than the other evidence in the record because it provided only check-boxes with no place for Dr. Evans to offer explanations for his entries. See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir., 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). More significantly, the ALJ found that Dr. Evans' entries conflicted with the treatment notes Dr. Evans had entered throughout the time Ms. Jackson was in his care. The entries also conflicted with the testimony Ms. Jackson gave regarding her ability to function. While the ALJ did state that "greater weight should be afforded the analysis" provided by the state agency non-examining physician (AP 26) , this statement was made, and warranted, in light of the fact that the agency physician's findings comported better with the testimony Ms. Jackson had offered. The fact that the

non-examining physician's report was prepared over a year before Ms. Jackson's hearing is not relevant since the ALJ found that other evidence in the record, along with Ms. Jackson's testimony, established that the statements in that report were consistent with her condition as it manifested itself in the period subsequent to the report's completion. In short, the ALJ did not err in treating the record evidence as he did.

C. The Adverse Credibility Determination

Ms. Jackson argues that, insofar as the ALJ's opinion was based on his finding that her subjective reports about her condition were not credible, the ALJ erred. Citing Morales v. Apfel, 225 F.3d 310, 319 (3d Cir., 2000), Jackson argues that the ALJ should not have relied upon his personal observations regarding the claimant in arriving at his non-disability determination.[3] The problem with this argument is that the ALJ did not so rely. The ALJ's adverse credibility determination was based, at least in part, on the divergence between her subjective reports of incapacity and the record evidence, which suggested that she was functional. The ALJ also noted that Ms. Jackson's descriptions of her daily activities suggested that she was not limited in her pursuit of these. Since an

---

[3]In Morales, this court stated that "[t]he principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability. This Court has said before that an ALJ's personal observations of the claimant carry little weight in cases involving medically substantiated psychiatric disability." 225 F.3d at 119 (internal citation omitted).

6

adverse credibility determination need only be supported by substantial evidence, and since that determination is amply supported here, the ALJ did not err in finding that Ms. Jackson's "allegations regarding her limitations were not entirely credible" (AP 28).

II.

For the foregoing reasons, the opinion of the District Court finding that the ALJ did not err is AFFIRMED.