# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31176
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

BEULAH DAVIS,

Plaintiff-Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-2015

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Beulah Davis has pursued Social Security disability insurance benefits and supplemental security income benefits for more than seven years, beginning in December 2007. Her claims were first denied in August 2008, then again by the Administrative Law Judge (ALJ) in January 2010 following an administrative hearing the previous November. After

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31176

Davis's request for appellate review was denied in September 2011, completing the administrative process, she filed the instant suit in the district court to appeal the Commissioner's disposition of her case.

Davis's action was referred to a Magistrate Judge who painstakingly reviewed the medical and legal history of Davis's claims, carefully analyzed the facts and the law, then submitted a 19-page Report and Recommendation in July 2013, which concluded: "Substantial evidence of record and relevant legal precedent support the ALJ's decision that plaintiff was not disabled" and recommended that the decision of the ALJ be affirmed and Davis's action be dismissed with prejudice. Just over a year later the district court ordered the final decision of the Commissioner affirmed and the case dismissed with prejudice for the reasons assigned by the Magistrate Judge.

The recommendation of the Magistrate Judge and the district court's adoption of the reasons assigned in the Magistrate Judge's Report and Recommendations turn largely on the standard of review dictated by 42 U.S.C. §405(g), which provides that review of the Commissioner's ultimate decision turns on whether it is supported by substantial evidence and is free of legal error. "Substantial evidence" is that which is relevant and which a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. The district court determined that the Magistrate Judge's analysis and conclusion are supported by substantial evidence and free of legal error.

The summary of Davis's argument in her appellate brief takes up some four and a half pages to make the single point of which Appellant complains, *viz*, that the ALJ committed reversible error by "cutting off" Davis's non-attorney representative's cross-examination of vocational experts for the Commissioner, blocking the representative's reference to Davis's "mental

2

No. 14-31176

impairment caused limitations" in terms of "moderate" or "marked" and forbidding the use of those terms in questioning the vocational expert. This, according to Davis, violated due process and is the basis for reversing and remanding for additional administrative proceedings.

Like the ALJ and the district court before us, we see that assignment of error as another example of Justice Holmes's reed too slender to support reversing the ALJ under the extremely deferential standard of review noted above. Agreeing with the Magistrate Judge that substantial evidence supports the Commissioner's determination, and perceiving no abuse of due process in the ALJ's limitation of cross-examination by Davis's representative, we affirm the Judgment of the district court that affirmed the Commissioner and dismissed Davis's action with prejudice.

AFFIRMED.