# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2016

Lyle W. Cayce
Clerk

PAULA SUE GRAVES,

  Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

  Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Paula Sue Graves appeals the district court's affirmance of an agency decision that she is not disabled, and therefore is not entitled to disability insurance benefits. Graves argues that the administrative law judge (ALJ) who reviewed her case erred by failing to ask a testifying vocational expert whether her testimony was consistent with the *Dictionary of Occupational Titles* (DOT), as required by an agency policy interpretation ruling, but nonetheless relying on that testimony. Finding no reversible error, we affirm.

No. 16-10340

## I.

In August 2011, Graves filed applications for disability insurance benefits and supplemental security income payments, alleging that she became disabled the previous month because of her anxiety, depression, and intellectual disability. The Commissioner of Social Security denied those applications, finding that Graves is not disabled, and adhered to that decision on Graves's request for reconsideration. Graves then asked for and received a hearing before an ALJ, at which she was represented by counsel. During this hearing, the ALJ questioned a vocational expert, who described certain jobs appearing in the record and estimated their availability in the national and Texas economies.

The ALJ affirmed the Commissioner's decision in May 2013, finding that Graves has the residual functional capacity to perform some jobs available in the national economy so long as she can alternate between sitting and standing. After the agency's Appeals Council denied review of the ALJ's decision, Graves sought judicial review. A magistrate judge recommended that the Commissioner's decision be affirmed. The district court overruled Graves's objections and adopted the magistrate judge's report and recommendation. This appeal timely followed.

## II.

Our review of the finding that Graves is not disabled "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). We will, however, reverse an ALJ's decision "if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).

No. 16-10340

A claimant is not entitled to disability benefits unless she "is unable 'to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Bowling*, 36 F.3d at 435 (alteration and ellipsis in original) (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A)).  The Social Security Administration follows a sequential five-step process to make this determination:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Id.*; *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis. *Bowling*, 36 F.3d at 435.

In this case, the ALJ proceeded to step five before determining that Graves is not disabled.  Graves's sole argument on appeal is that the ALJ failed to follow Social Security Ruling 00-4p, which provides in relevant part:

> Occupational evidence provided by a VE or VS [vocational expert or vocational specialist] generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.

3

No. 16-10340

*At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.*

SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (emphasis added). As the italicized language suggests, an ALJ in a hearing such as Graves's "has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the DOT . . . before relying on VE evidence to support a determination of not disabled." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (footnote omitted); *accord, e.g.*, *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009). Here, though the vocational expert cited the DOT in her testimony, the ALJ did not ask whether her testimony was consistent with the DOT. That was error.

Yet "[t]his Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000);[1] *see also Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error. A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden." (footnote omitted)); *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been

---

[1] Graves argues at length that *Carey* was wrongly decided. But "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Further, Graves's appeal fails because she is unable to show prejudice resulting from the ALJ's error—a requirement found in other cases within and without this circuit. *See infra* note 2.

affected.'" (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988))). Graves does not even attempt to show that the vocational expert's testimony was actually inconsistent with the DOT. Nor has she otherwise demonstrated prejudice. Hence, the ALJ's procedural error was harmless and does not warrant reversal.[2]

Graves does not before this court raise any other ground for reversal, and it appears from our review of the record that the agency decision is supported by substantial evidence. Accordingly, the judgment is AFFIRMED.

---

[2] Other circuits also apply harmless-error analysis to this type of procedural error. *See, e.g.*, *Poppa v. Astrue*, 569 F.3d 1167, 1174 (10th Cir. 2009) ("Because there were no conflicts between the VE's testimony and the DOT's job descriptions, the ALJ's error in not inquiring about potential conflicts was harmless."); *Terry*, 580 F.3d at 478 ("Terry is correct that the ALJ did not ask the VE if his testimony conflicted with the DOT. However, the error is harmless unless there actually was a conflict."); *Massachi v. Astrue*, 486 F.3d 1149,1154 n.19 (9th Cir. 2007) ("This procedural error could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts . . . ."); *Jackson v. Barnhart*, 120 F. App'x 904, 906 (3d Cir. 2005) (unpublished) ("Where substantial evidence supports the ALJ's opinion and where the failure to solicit the testimony contemplated in SSR 00-4P is harmless, this court will not reverse the ALJ's decision."); *cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").