# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2017

Lyle W. Cayce
Clerk

TIM C. BARLOW,

> Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-180

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

An administrative law judge ("ALJ") conducted a hearing and found that plaintiff Timothy Barlow was not "disabled" within the meaning of certain provisions of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d) (insurance

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10406

benefits); § 1382c(a)(3)(A) (supplemental security income). Barlow sought review in district court, *see* § 405(g), and the district court affirmed the ALJ's finding. Seeing no reversible error, we affirm as well.

Our review "is limited to whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Graves v. Colvin*, 837 F.3d 589, 591–92 (5th Cir. 2016) (quoting *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994)). We will, however, reverse an ALJ's decision if the claimant shows (1) that the ALJ failed in his duty to "fully and fairly" develop the record and (2) the claimant was prejudiced thereby. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000); *accord Graves*, 837 F.3d at 591–92 (quoting *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)); *id.* at 592–93 (collecting other cases).

Barlow has not shown that the ALJ denied him the opportunity to cross-examine the vocational expert. Unlike the claimants in *Tanner v. Secretary of Health & Human Services*, 932 F.2d 1110, 1112 (5th Cir. 1991), and *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990), Barlow's attorney cross-examined the witness at length, addressing all the subject-matter of the ALJ's questions (and then some). The ALJ merely curtailed a particular line of questioning he deemed cumulative or immaterial. That is not reversible error. *Bayer v. Colvin*, 557 F. App'x 280, 286 (5th Cir. 2014); *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995); *see also Davis v. Colvin*, 600 F. App'x 249, 250 (5th Cir. 2015) (ALJ did not "commit[] reversible error by 'cutting off' . . . cross-examination of vocational experts"). Nor has Barlow shown that he suffered any prejudice. *See, e.g.*, *Hollis v. Mathews*, 520 F.2d 338, 340 (5th Cir. 1975) (requiring showing of prejudice). The truncated line of questioning dealt only with step five of the applicable five-part test, but the ALJ based his finding on step four—an independent ground. *See Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995) (five-part test); *id.* at 565 n.13 (adverse finding at step four renders step

five immaterial). The ALJ also permitted Barlow to supplement his cross-examination with additional briefing, but Barlow declined the opportunity. In fact, at every stage of this proceeding, Barlow has failed to describe the type of evidence he was prevented from eliciting, let alone show that the evidence would have led to a different result. This alleged cross-examination defect affords no basis for reversal.

Barlow likewise fails to show that the ALJ disregarded his April 2014 diagnosis of depression and borderline personality disorder by two treating physicians. Although a treating physician's opinion is entitled to "controlling weight" unless the ALJ makes specific contrary findings, *see* 20 C.F.R. § 404.1527(c)(2) (2014[1]); *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000), that rule is not implicated absent "a conflict in the medical evidence," *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985). The ALJ found no conflict here: he explicitly considered the April 2014 diagnoses and found them "consistent with" the other medical evidence regarding Barlow's ability to work. That other evidence—including the opinions of six medical consultants—tended to show that, notwithstanding Barlow's mental health disorders, he retained the capacity to perform jobs involving "simple, repetitive tasks" and no significant interpersonal interactions. Because Barlow cites no aspects of the April 2014 diagnoses that cast doubt on his capacity to perform this kind of work, he has not shown that the ALJ's finding that no conflict existed was unsupported by the evidence. *Cf. Dise v. Colvin*, 630 F. App'x 322, 326 (5th Cir. 2015) (depression diagnosis not in conflict with finding of claimant's capacity to work because "[a] depression diagnosis is not, itself, a functional limitation").

---

[1] The regulation was amended after the ALJ's 2014 decision. *See* Revisions of Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5869–71 (Jan. 18, 2017) (amending 20 C.F.R. § 404.1527) (effective Mar. 27, 2017). The changes do not matter here.

No. 17-10406

Finally, there is no merit to Barlow's conclusory assertion that the ALJ improperly relied on the opinions of the non-examining physicians. "[A]n ALJ may properly rely on a non-examining physician's assessment when, as in this case, those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Because Barlow again fails to identify any inconsistencies between the non-examining physicians' opinions and any other medical evidence, he fails to show that the ALJ's reliance was unsupported by the record.

The district court's judgment is AFFIRMED.