# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30969
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

DERRICK DWAYNE DELL,

  Plaintiff - Appellant

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

  Defendant – Appellee.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-756

---

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

  Derrick Dell applied for disability insurance benefits, claiming he could no longer work because of a variety of physical and mental ailments. An administrative law judge ("ALJ") evaluated Dell's application under the five-step sequential evaluation process that the Social Security Administration ("SSA") uses to determine whether an individual is disabled. *See Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020). "There is no material dispute in this case with regard to the first four steps," so we confine our discussion to the

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fifth. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). And at the fifth step, the ALJ considered Dell's "residual functional capacity and . . . age, education, and work experience to see if" Dell could "make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v).

A vocational expert testified at Dell's hearing in front of the ALJ. Vocational experts have specialized knowledge and testify "about working conditions and physical demands of various jobs; . . . the existence and numbers of those jobs in the national economy; and involvement in or knowledge of placing adult workers with disabilities into jobs." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). The ALJ posed hypothetical questions to the vocational expert to determine if jobs would be available given Dell's residual functional capacity. The expert testified Dell would be able to perform the requirements of a variety of occupations, numbering 1.4 million jobs in the national economy. But, because of Dell's education level, the expert suggested that the ALJ should consider only half of those jobs to be open to Dell. During the hearing, Dell's counsel did not question or object to any part of the expert's testimony or qualifications.

Relying, in part, on the testimony that Dell met the requirements for approximately 700,000 jobs, the ALJ concluded that Dell "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." Thus, Dell was not disabled. *Schofield*, 950 F.3d at 318 (citing 20 C.F.R. § 404.1520(g)). The Appeals Council reviewed that decision and ultimately affirmed, again relying on the vocational expert's testimony. That decision constitutes the SSA's final decision. *Higginbotham v. Barnhart*, 405 F.3d 332, 337–38 (5th Cir. 2005). After the district court affirmed the SSA's decision, Dell timely appealed to this court.

We review the SSA's decision for substantial evidence and "look to [the] existing administrative record and ask[] whether it contains 'sufficien[t]

evidence' to support the agency's factual determinations." *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). Dell's contention on appeal is the SSA's decision is not supported by substantial evidence because the vocational expert's testimony was unreliable. Dell's contention lacks merit.

First, Dell suggests that the vocational expert needed to disclose her methodology. But Dell never asked for the methodology in front of the SSA. And the Supreme Court has already rejected a categorical rule that would require a vocational expert to always disclose their methodology. *Biestek*, 139 S. Ct. at 1157; *see also Krell v. Saul*, 931 F.3d 582, 587 (7th Cir. 2019) ("*Biestek* clearly held that vocational experts are not categorically required to provide their underlying data.").

Second, Dell suggests that we should require the SSA to apply *Daubert*-style rigor to the testimony of vocational experts. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). "*Daubert*, however, does not apply in agency proceedings." *Palm Valley Health Care, Inc. v. Azar*, 947 F.3d 321, 329 (5th Cir. 2020). Nor do the federal rules of evidence. 42 U.S.C. § 405(b)(1) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure.").

Third, Dell appears to speculate that there *might be* methodological problems with the vocational expert's job data. For example, Dell says there *might be* inconsistencies between the expert's data about the number of jobs available in the national economy and other sources of employment information, such as the Dictionary of Occupational Titles (DOT). We've previously stated, however, that applicants:

> should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert

witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey*, 230 F.3d at 146–47. Not only did Dell decline to question the vocational expert about any possible methodological problems with her data in front of the ALJ, but, even now, Dell fails to point to any data that conflicts with or undermines the expert's testimony. We will not reverse when the vocational expert's testimony remains "clear and unchallenged." *Id.* at 147; *see also Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016).

Finally, Dell argues that the SSA should have required more testimony from the vocational expert. In particular, Dell argues that the expert needed to explain why she reduced the available jobs number by 50%. While the expert did not provide much of "an explanation or supporting authority" for the 50% reduction, we again note "that [Dell] had an opportunity to but did not raise the issue . . . at the hearing before the ALJ." *Haas v. Barnhart,* 91 F. App'x 942, 948 (5th Cir. 2004). And in all events, the record reflects that "the ALJ scrupulously incorporated into the hypothetical questions all of [Dell's] disabilities," and the expert answered those questions in her testimony. *Masterson v. Barnhart*, 309 F.3d 267, 274 (5th Cir. 2002). Given this "testimony and Dell's failure to refute [it], substantial evidence supports the [SSA's] finding." *Id.*; *see Haas*, 91 F. App'x at 948.

AFFIRMED.