# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2020

Lyle W. Cayce
Clerk

No. 20-60390
Summary Calendar

Pamela K. Cauthen,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CV-14

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Pamela Cauthen appeals the denial of her application for disability-based Supplemental Security Income ("SSI"), contending that substantial evidence demonstrates severe impairment during the required period. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60390

## I. DISCUSSION

This court's review "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Graves v. Colvin*, 837 F.3d 589, 591–92 (5th Cir. 2016) (internal quotation omitted). Substantial evidence is more than a mere scintilla, less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citation and internal quotation marks omitted). In applying this standard, this court "may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.*

Cauthen contends the Administrative Law Judge ("ALJ") erred in finding that she did not have a severe impairment at step two of the sequential, five-step analysis used to evaluate disability-based SSI claims.[1] First, Cauthen argues that proper evaluation of pre-application evidence would have resulted in a finding of severe impairment. Second, she contends that functional loss related to her arthritis should satisfy a finding of severe disability. Both arguments fail.

A severe impairment is more than a slight abnormality that would not be expected to interfere with a claimant's ability to work. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Stone v. Heckler*,

---

[1] The five steps are: (1) whether the claimant is currently working; (2) whether the claimed impairment can be classified as severe; (3) whether the impairment meets or equals an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can perform her past relevant work; and (5) whether the claimant can perform other substantial gainful activities. *See Perez*, 415 F.3d at 461. The claimant bears the burden of proof on the first four steps, but on the fifth step, the burden shifts to the Commissioner. *Id.* If the Commissioner can determine whether the claimant is disabled at any step, the analysis ends. *Id.*

No. 20-60390

752 F.2d 1099, 1101 (5th Cir. 1985) (stating that "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience"). The ALJ applied this standard when denying Cauthen's claim at step two. *See Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018) (concluding that the ALJ did not apply too high a threshold in its determination of severity because the ALJ cited *Stone* and rigorously applied an appropriate analysis).

## A. Pre-Application Evidence

Cauthen contends that the ALJ did not properly evaluate evidence pre-dating her application. She argues that if all evidence of impairment had been fully considered, a finding of severe impairment would have been reached. [2]

As Cauthen recognizes, however, the ALJ did develop and review the entire medical record – including evidence pre-dating Cauthen's application. This court will not restate the ALJ's assessment of the medical record here. Suffice it to say, the ALJ considered a wide variety of evidence, noting that some of Cauthen's statements were "not supported by exam observations," and based the decision on "the record as a whole." Because this court concludes the ALJ decision considered pre-application evidence, and that substantial evidence supports the decision, it is unnecessary to determine whether the district court was correct in finding pre-application evidence irrelevant in this case because it was unrelated to the question of disability

---

[2] Among the physical problems identified by Cauthen are shoulder and neck pain, back pain, diabetes, high blood pressure, peripheral neuropathy, gastroesophageal reflux, arthritis, plus depression.

during the relevant period.  Even if we reached that issue, a reasonable mind could find the pre-application evidence here irrelevant to determining disability during the relevant time and would find error (if any) to be harmless.

To establish eligibility for disability-based SSI benefits, Cauthen must show that she meets the statutory definition of disability while her SSI application was pending.  In this case, the relevant period was January 25, 2017 (application date) and April 2, 2018 (ALJ decision date).  Thus, disability evidence completely unrelated to the relevant period is irrelevant to adjudication of the claim.  Nevertheless, the district court correctly recognized that pre-application medical records may be relevant to the existence of a disability during the relevant period, though this court will not opine on whether such instances are "rare."  *Compare with Goudy v. Commissioner of Social Security*, No. 4:18-cv-64-RP, 2020 WL 61042, at *2-3 (N. D. Miss. 2020) (distinguishing the district court opinion in this case and concluding that the ALJ failed to fully and fairly develop the record by failing to obtain a pre-application x-ray).

Cauthen argues that pre-application evidence of degenerative conditions should be considered relevant to show disability during the relevant period.  This argument has some merit, especially because some of the pre- and post-application medical records appear to relate to similar conditions.  The fact that a condition "standing alone, does not establish the presence of any particular work-related limitations," does not mean the pre-application medical records and diagnoses are completely irrelevant to determining the existence and severity of a disability during the relevant period.  Given, however, that the medical records during the applicable period were either normal or unrelated to Cauthen's determinable impairments, the district court was arguably correct to consider the prior medical records irrelevant.  But even if they should have been deemed

relevant, any error was harmless because evidence within the relevant period could be reasonably afforded greater weight than evidence prior to the application period. *See Graves*, 837 F.3d at 592–93 ("Yet this Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." (quotation and alterations omitted) (citing cases)). In any event, the ALJ developed the whole record, including pre-application medical records, and determined that Cauthen's conditions were not severe.

### B. *Functional Loss Related to Arthritis*

Cauthen argues that functional loss related to arthritis should satisfy a finding of severe disability. This argument amounts to a disagreement with the factual findings of the ALJ decision regarding the severity of the impairment. Nevertheless, this court finds the ALJ decision was supported by substantial evidence based on the record as a whole.

## II. CONCLUSION

Upon review of the briefs, all relevant adjudicative decisions, and pertinent portions of the record, this court finds no reversible error of law or fact. **AFFIRMED**.