# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2021

Lyle W. Cayce
Clerk

No. 20-60790

Josephine Bailey,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CV-168

Before Jones, Clement, and Graves, *Circuit Judges*.

Per Curiam:*

This appeal concerns a denial of Social Security disability insurance benefits. Finding no error below, we affirm.

## I.　Factual and Procedural Background

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60790

Appellant Josephine Bailey was approaching retirement age when she applied for Title II disability insurance benefits on November 9, 2017, asserting that her disability began on August 11, 2017. She claimed as her primary disability headaches caused by a benign brain tumor, but she also noted arthritis, hypertension, and a bone spur on her right foot. In her application, Bailey listed her previous relevant job title as a "family advocate" for Head Start Mississippi, a position she held from August 1999 to August 2017, when she stopped working due to headaches. Bailey described her work as "checking classrooms, recruiting children, going to parents' homes for home visits, filing, entering data into computer systems, and monitoring classrooms." Bailey has a bachelor's degree in social work.

The Social Security Administration ("SSA") denied her application initially and on reconsideration, so Bailey requested a hearing before an Administrative Law Judge ("ALJ"), which was held by videoconference. Bailey appeared with counsel, as well as an impartial vocational expert ("VE"). At the hearing, Bailey agreed with the ALJ that she was a social worker. Bailey then described debilitating headaches triggered by noise. She said she stopped working because her "headaches were getting real bad and [she] couldn't remember and [she] was just getting sick, [so she] just couldn't stay there anymore." Bailey also said that arthritis in her knee interfered with her work and mobility.

At the hearing, the VE designated Bailey's past relevant work as a "family advocate, [Dictionary of Occupational Titles[1] ("DOT")] Code 195.107-010," which is skilled, sedentary work. Although the ALJ invited Bailey's counsel to object to this classification, no objection was offered. The ALJ asked the VE whether a hypothetical individual of Bailey's age, education, work experience, and physical limitations could "perform the past

---

[1] DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES (rev. 4th ed. 1991).

relevant work." The ALJ described Bailey's hypothetical comparator as one who "would be able to perform at the light exertional level . . . with the exception that the individual would be able to stand and/or walk for four of eight hours and would be able to sit for six of eight hours," and who could "occasionally clime ladders, ropes, or scaffolds, frequently balance, occasionally stoop, kneel, crouch, and crawl." Bailey did not object to this hypothetical. The VE responded that such an individual would be able to perform Bailey's past relevant work. Although Bailey's counsel asked that the record be left open to allow Bailey to submit outstanding written medical evidence, Bailey never submitted additional evidence.

On February 12, 2019, the ALJ issued a decision concluding that Bailey is not disabled because she is able to perform her past relevant work as a caseworker. The ALJ concluded that although Bailey suffers from a severe impairment, she is capable of performing her past relevant work as a social services caseworker as that position is defined in the DOT. The ALJ reasoned that Bailey's medical records reflected that, in the last ten years, she only once complained to her doctors about headaches, which doctors noted had substantially improved since diagnosis and treatment in 2003. The ALJ also relied on the opinion of a doctor who had reviewed Bailey's medical records that Bailey's condition did not preclude her from performing light work, albeit with some limitations. Having concluded that Bailey was able to perform her past relevant work, the ALJ affirmed the denial of disability insurance benefits.

Bailey appealed the ALJ's decision to the SSA Appeals Council, which denied her request for review, leaving the ALJ's decision as the Commissioner's final administrative action for the purposes of judicial review. On November 18, 2019, Bailey requested judicial review in the Northern District of Mississippi. Her primary argument was that the ALJ misclassified her past relevant work under an incorrect DOT title. The

parties consented to disposition before a magistrate judge, who affirmed the ALJ's decision. Bailey timely appealed to this court.

## II.    STANDARD OF REVIEW

Our review "is limited to determining whether the [ALJ's] decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). We have held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Evidentiary conflicts are for the ALJ to decide, and if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). We will, however, reverse the ALJ's decision if Bailey shows "(1) that the ALJ failed to fulfill [her] duty to adequately develop the record, and (2) that [Bailey] was prejudiced thereby." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). We will find prejudice only where an error has affected a claimant's substantial rights. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988))).

## III.    THE ALJ'S DECISION IS PERMISSIBLE UNDER THIS COURT'S CASELAW AND SUPPORTED BY SUBSTANTIAL EVIDENCE

No. 20-60790

A claimant is not entitled to disability benefits unless she "is unable 'to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Bowling*, 36 F.3d at 435 (alteration and ellipsis in original) (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A)). The SSA follows a sequential five-step process to make this determination:

> (1) An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings[;] (2) An individual who does not have a "severe impairment" will not be found to be disabled[;] (3) An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors[;] (4) If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made[;] (5) If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Villa*, 895 F.2d at 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)). "The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis." *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (citing *Bowling*, 36 F.3d at 435). Here, the ALJ concluded that Bailey: (i) is not working; (ii) suffers from a severe impairment not listed in Appendix 1 of the regulations; and (iii) is capable of performing her previous work. Accordingly, the parties' dispute pertains to the ALJ's decision at Step IV, where Bailey retained the burden of proof.

Bailey makes two primary arguments on appeal. First, she argues that the VE and the ALJ misclassified her previous job as a social services caseworker, which the DOT lists as sedentary work, when in fact her

previous job more closely resembles that of a child welfare caseworker, which the DOT lists as light work. She argues that, had the ALJ properly classified her past relevant work, she would have been found disabled because, as the ALJ concluded, she is incapable of light work without limitations. Second, she argues that the ALJ erroneously classified Bailey's residual functioning capacity as falling between light and sedentary work.

### A.    Bailey forfeited her misclassification argument, and the ALJ did not misclassify Bailey's past relevant work.

Although the VE, and later the ALJ, classified Bailey's past relevant work as a social services caseworker over no objection from Bailey, she now argues that her past relevant work more closely resembles the DOT's description of a child welfare caseworker. We must first determine whether Bailey has forfeited this argument. She argues that this argument is preserved on appeal under Social Security Ruling 00-4p. That rule provides that, before relying on a VE's opinion, an ALJ must ensure that the VE's opinion does not conflict with the DOT. *See* SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). An ALJ thus "has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the DOT . . . before relying on VE evidence to support a determination of not disabled." *Graves*, 837 F.3d at 592 (quoting *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (footnote omitted in *Graves*)). Relying on SSR 00-4p, Bailey argues that the VE misclassified her past relevant work, and that therefore the ALJ was required to resolve this conflict before relying on the VE's opinion.

However, SSR 00-4p pertains to conflicts between a VE's opinion and the DOT, and no such conflict exists here, because the VE correctly summarized the DOT listing which he concluded describes Bailey's past relevant work. SSR 00-4p is therefore inapposite. Instead, we turn to our decision in *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000). In *Carey*, we held that a claimant cannot later point to a conflict that he or she did not press before an ALJ. We distinguished between "actual," "direct," "obvious," and

"facial" conflicts on the one hand (*e.g.*, differences between the DOT and the VE's testimony with regard to skill or exertional level of a job), and "alleged," "indirect," and "implied" conflicts on the other hand (*e.g.*, the vocational expert's testimony that Carey could perform jobs that required "some ability to finger and handle things[,]" notwithstanding the fact that he had only one hand). *Id.* We concluded that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error[.]" *Id.* at 146-47.

Under *Carey*, Bailey has forfeited her misclassification argument. The purported conflict is not direct or obvious because the VE did not mischaracterize the DOT's description of a social services caseworker. *See Carey*, 230 F.3d at 146-47 (concluding that that the claimant forfeited a purported conflict by not raising it, because the conflict did "not involve the type of direct and obvious conflict at issue when the [VE's] characterization of the exertional or skill level required for a particular job is facially different from . . . the DOT").

Further, the VE's classification does not obviously conflict with the job duties that Bailey described in her application for disability benefits, and the absence of such a conflict supports the ALJ's classification. The DOT describes a social services caseworker as one who "[c]ounsels and aids individuals and families requiring [the] assistance of [a] social service agency: Interviews clients with problems, such as personal and family adjustments, finances, employment, food, clothing, housing, and physical and mental impairments to determine [the] nature and degree of problem[s]" that children and their families face. DOT § 195.107-010. Alternatively, the DOT defines a child welfare caseworker as one who "[a]ids parents with child rearing problems and children and youth with difficulties in social adjustments," and assists foster and adoption placements. DOT 195.107-

014. Bailey described her work as checking classrooms, recruiting children for the Head Start program, visiting parents' homes, and filing and entering data. These responsibilities more closely resemble the DOT's definition of a social services caseworker because they do not involve work on adoptive or foster home placements. DOT 195.107-014. Absent any discernible conflict between the job duties Bailey described and the duties the DOT lists for a social services caseworker, the ALJ did not err in classifying Bailey's past relevant work, and Bailey has forfeited this argument by failing to raise it below. *See Carey*, 230 F.3d at 146-47.

> **B.    Substantial evidence supports the ALJ's description of Bailey's residual functioning capacity.**

Although Bailey argues that the ALJ erroneously placed her residual functioning capacity as falling between light and sedentary work, the ALJ could properly rely on Bailey's medical records and a doctor's opinion in classifying Bailey's residual functioning capacity. A doctor employed by Mississippi Disability Determination Services reviewed Bailey's medical records and concluded that she can perform light work with some limitations. Bailey offered no medical opinion rebutting the doctor's conclusion. Further, Bailey's medical records showed that treatment had caused her tumor to shrink by ninety-one percent, and her record reflected only one instance in which Bailey had complained to her doctor about headaches, in 2014. The ALJ therefore could permissibly conclude that Bailey's medical records belied her description of her headaches' severity. Although Bailey now objects to the ALJ's capacity finding, this court is not permitted to "reweigh the evidence in the record, try the issues de novo, nor substitute" its own judgment for that of the Commissioner or of the testifying witnesses. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)).

Finally, that Bailey is unable "to perform certain requirements of [her] past job does not mean that [s]he is unable to perform past relevant work as

that phrase is used in the regulations." *Leggett v. Chater*, 67 F.3d 558, 564-65 (5th Cir. 1995) (quoting *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987) (per curiam) and citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990)) (internal quotation marks omitted). Instead, on Step IV of the analysis the Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national economy. *Id.* The ALJ could thus properly rely on the VE's opinion that Bailey is able to perform the duties of a social services caseworker as that job is generally performed in the national economy, *see id.*, because the VE's description of that job did not conflict with the DOT. *See* DOT 195.107.010. Accordingly, substantial evidence supports the ALJ's decision, and the magistrate judge did not clearly err in affirming the denial of benefits. We therefore AFFIRM the decisions below.