# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 13-1421

———————————————————

Vickie Kemp, on behalf of Charles Kemp

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

——————————

Submitted: January 15, 2014
Filed: February 25, 2014

——————————

Before LOKEN, BYE, and BENTON, Circuit Judges.

——————————

BYE, Circuit Judge.

Charles Kemp (Charles) filed applications for disability insurance benefits and supplemental security income. An administrative law judge (ALJ) found that he was not disabled because he could perform a job a vocational expert (VE) identified in response to a hypothetical the ALJ posed. After the Appeals Council denied review, Kemp died. His surviving spouse, Vickie Kemp (Vickie), sought judicial review, and the district court affirmed the Commissioner's decision. The sole issue in this appeal

is whether the VE's testimony as to what job Charles could perform, despite the physical limitations the ALJ described in his hypothetical, conflicted with the <u>Dictionary of Occupational Titles</u> (DOT), and thus whether the ALJ properly relied on the VE's testimony to find Charles not disabled. Because we are unable to discern from the record whether there is conflict between the occupational listing at issue– DOT #737.687-026 (Check Weigher)–and the VE's response to the hypothetical, we remand the case for further proceedings.

I

The record before the ALJ relevant to Charles's physical limitations included consulting physician Sudesh Banaji's March 2009 report of a general physical examination. Among other abnormal examination findings, Dr. Banaji documented a decreased range of motion of both shoulders on forward elevation from a normal of 150 degrees to 120 degrees. Dr. Banaji's opinion as to Charles's limitations included moderate ones in carrying and handling objects. In a form dated March 2010, a medical consultant who reviewed the record found as to physical residual functional capacity–the most Charles could still do despite the physical limitations from his impairments, <u>see</u> 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)–that Charles could perform light work, and could occasionally climb, balance, stoop, kneel, crouch, and crawl. He also checked a box reflecting limitations in "[r]eaching in all directions (including overhead)," and in describing how reaching was impaired, he wrote "OCC [occasional] overhead reaching." His related comments were that Charles had a history of shoulder pain, and decreases in shoulder range of motion.

Before the VE testified at the June 2010 administrative hearing, the ALJ directed that the testimony was to be consistent with information contained in the DOT, and its companion publication, the Selected Characteristics of Occupations (SCO); and that if there was an "apparent unresolved conflict" between the VE's testimony and these sources, the VE was to explain it and give the source for his

explanation. In a hypothetical, the ALJ described a claimant of Charles's age, education, and work experience who could engage in sedentary work; could occasionally climb, balance, stoop, bend, crouch, kneel, and crawl; and could occasionally reach overhead with each upper extremity. Due to a diagnosis of anxiety and depression by a consulting psychologist, the ALJ included other restrictions that essentially limited Kemp to unskilled work. The VE responded that the hypothetical claimant could not engage in Charles's past relevant work–mostly truck driving, which was unskilled medium work–but he could work as a check weigher, which the VE identified as DOT listing #737.687-026, adding that this job was available in substantial numbers regionally and nationally.

In the ALJ's September 2010 opinion, he followed the requisite five-step sequential evaluation process.[1] He determined that Charles had not engaged in substantial gainful activity since January 1, 2007, his amended alleged onset date; and that his severe impairments–osteoarthritis of his left knee, groin pain with a history of hernia surgeries, bilateral shoulder pain, anxiety, and depression–did not alone or combined meet or equal the requirements of a listed impairment. As to Charles's physical residual functional capacity, the ALJ's findings mirrored those in the hypothetical to the VE; he explained that he concurred with the reviewing medical consultant, but limited Charles to sedentary work because he was giving some weight to Charles's testimony about pain. Finally, he determined that Charles's past relevant work was precluded by his residual functional capacity, but that he could perform the job the VE identified; he noted, without explanation, that the VE's testimony was

_____

[1]The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step. See 20 C.F.R. §§ 404.1520(a)-(g); 416.920(a)-(g).

consistent with the information contained in the DOT. The Appeals Council denied review, and the district court affirmed.

## II

We review de novo the district court's determination that the Commissioner's decision is supported by substantial evidence on the record as a whole, which is less than a preponderance, but enough for a reasonable mind to find adequate to support the conclusion. See Jones v. Astrue, 619 F.3d 963, 968 (8th Cir. 2010). This court has held that when VE testimony conflicts with the DOT, the DOT controls if its classifications are unrebutted, see id. at 978; and that in such a circumstance, the VE's testimony does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform, see Porch v. Chater, 115 F.3d 567, 571-72 (8th Cir. 1997). In appendix C of the SCO, "reaching" is defined as "extending the hands and arms in any direction"–which is how the term is defined on the residual-functional-capacity form the reviewing medical consultant completed–and the DOT indicates in listing #737.687-026, the check-weigher description, that this job requires "constantly" (2/3 or more of the time) reaching. On appeal Vickie argues that the VE's testimony that Charles could perform the check-weigher job conflicted with the hypothetical, because the ALJ described a claimant who could reach overhead only occasionally; and that this apparent conflict was not resolved on the record.

Under the standards for using VE evidence and other reliable occupational information in disability decisions, see Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at **2-4 (Dec. 4, 2000), the ALJ has an affirmative responsibility to ask about "any possible conflict"[2] between VE evidence and the DOT, and its companion

---

[2]SSR 00-4p uses other phrases to describe a conflict between VE evidence and the DOT/SCO: "conflict," "any conflict," "apparent conflict," "apparent unresolved conflict." There does not appear to be any difference in the meaning of these phrases,

publication (the SCO), on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled. See Jones, 619 F.3d at 977-78 (SSR 00-4p mandates that ALJ ask VE whether there is conflict, and to obtain explanation for any such conflict). While the ALJ gave specific directions to the VE before he testified, the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and DOT job listing #737.687-026 indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation. See Montgomery v. Chater, 69 F.3d 273, 275-77 (8th Cir. 1995) (none of three DOT job listings VE identified were compatible with claimant's abilities as set forth in ALJ's hypothetical, and while VE's task is to determine whether jobs exist for someone with claimant's precise disabilities, VE did not testify that traits of identified jobs varied from way DOT described them). Thus, the Commissioner did not meet her burden, at step five of the sequential evaluation process, of establishing that jobs existed in the economy that Charles was capable of performing. See id. at 277.

III

We vacate the district court's judgment and remand the case with instructions to remand to the Commissioner for further proceedings consistent with this opinion.[3]

_____

and we use the phrase "possible conflict" to encompass them all.

[3]As appellant recognized at oral argument, the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required.