# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3774

_____

Ronnie Moore, Jr.

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: September 10, 2014
Filed: October 17, 2014

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Ronnie Moore Jr. applied for supplemental security income under Title XVI of the Social Security Act. An administrative law judge (ALJ) found Moore was not disabled because he could perform jobs a vocational expert (VE) identified in response to a hypothetical posed by the ALJ. The Social Security Appeals Council denied his request for review, and the district court affirmed. On appeal, Moore argues that the ALJ failed to resolve an apparent conflict between the physical

limitations described by the ALJ in his hypothetical and the requirements of the jobs the VE identified, as listed in the <u>Dictionary of Occupational Titles</u> (DOT). We agree, and we remand the case for further proceedings.

## I. Background

At a hearing on Moore's application, the ALJ analyzed Moore's disability following the five-step sequential evaluation process outlined in 20 C.F.R. § 416.920(a)(4).[1] He found that Moore had not engaged in substantial gainful activity since August 5, 2010, his application date; and that he suffered from several severe impairments: degenerative disc disease, morbid obesity, and anxiety.

After finding in step three that Moore's impairments did not meet the criteria for presumptive disability, the ALJ assessed his residual functional capacity (RFC). According to the ALJ's RFC determination, Moore could perform no work requiring balancing or climbing of ropes, ladders, or scaffolds; no work requiring rapid flexion or extension of the wrist for more than half the work day; no work requiring crouching or crawling; no work requiring exposure to hazards such as unprotected heights, moving machinery, or open flames; *he could only occasionally perform overhead reaching bilaterally*; and he would be limited to work where interpersonal contact was superficial and incidental to the work performed. Based on this RFC, the ALJ determined in step four that Moore was unable to perform any past relevant work.

---

[1]The ALJ must determine (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the claimant's impairment, or combination of impairments, meet a listed impairment; (4) whether the claimant's residual functional capacity (RFC) precludes his ability to perform past relevant work; and, if not, (5) whether his RFC precludes the claimant from performing any other work available in the national economy. <u>See</u> 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ then presented a description of Moore's RFC in a hypothetical to the VE at the hearing and asked if there were any jobs in the national economy that could be performed by an individual with these limitations. The VE recommended jobs performing "janitorial work," citing DOT # 323.687-014, and working "as a cafeteria attendant clearing tables," citing DOT # 311.677-010. The ALJ asked the VE if her testimony was consistent with the DOT and she responded, "Yes, it is." Relying on the testimony of the VE, the ALJ determined in step five that Moore was not disabled because he could make adjustments to other work and denied his application.

The Appeals Council denied review of the ALJ's decision and the district court affirmed. The court found that, while the janitorial job proposed by the VE may not satisfy claimant's RFC restrictions, the job of cafeteria attendant would. The court concluded, therefore, that even if the identification of the janitorial job was erroneous, it would nevertheless constitute harmless error. On appeal, Moore argues the ALJ also failed to resolve an apparent conflict between the requirements of the cafeteria attendant job and his RFC.

## II. Discussion

We review de novo the district court's decision upholding the denial of social security benefits. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012). We will affirm the ALJ's determination "if supported by substantial evidence on the record as a whole." Id. "Substantial evidence is 'less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion.'" Id. (quoting Jones v. Astrue, 619 F.3d 963, 968 (8th Cir. 2010)).

The ALJ found that Moore could only "occasionally perform overhead reaching bilaterally." In her testimony, the VE recommended two types of work that, according to her, could be performed with that limitation: "janitorial work" and "work in a restaurant as a cafeteria attendant clearing tables." However, the Selected

Characteristics of Occupations Defined (SCO), a companion volume to the DOT, lists both of these jobs as requiring reaching "[f]requently," meaning that it "[e]xists from 1/3 to 2/3 of the time." (DOT # 311.677-010; DOT # 323.687-014).[2] Neither the SCO nor the DOT specifies the direction of reaching for either type of work. Nevertheless, when asked by the ALJ, the VE confirmed that her testimony was consistent with the DOT.

Under Social Security Ruling (SSR) 00-4p, the ALJ must "ask about any possible conflict" between VE evidence and "information provided in the DOT." In this case, the ALJ satisfied this requirement by asking the VE to confirm the consistency of her testimony. However, the responsibilities of the ALJ do not end there. If there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information." SSR 00-4p, 2000 WL 1898704, at *2-4 (Dec. 4, 2000). The ALJ is not absolved of this duty merely because the VE responds "yes" when asked if her testimony is consistent with the DOT. See Kemp v. Colvin, 743 F.3d 630, 633 (8th. Cir. 2014) (remanding denial of benefits because "the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical" and the recommended job).

A VE must offer an explanation for any inconsistencies between her testimony and the DOT, which the ALJ may accept as reasonable after evaluation. See Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir. 2014) (concluding that the ALJ had complied with SSR 00-4p because, in response to extensive questioning by the ALJ regarding

---

[2]Social Security Ruling 004-p dictates that "[i]n making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."

inconsistencies, the VE offered evidence of her personal observations of the requirements of the proposed jobs and cited to a professional journal to support her recommendation). Absent adequate rebuttal, however, VE testimony that conflicts with the DOT "does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform." Kemp, 743 F.3d at 632. We conclude that the modifier "clearing tables," without more, was not sufficient to satisfy the question of whether or not the job of a cafeteria attendant requires more than occasional overhead reaching and that the ALJ improperly relied on the testimony of the VE without resolving this apparent conflict. Accordingly, the Commissioner failed to meet her burden of proving that Moore was not disabled in step five of the sequential evaluation process.

## III. Conclusion

We vacate the district court's judgment and remand with instructions to return the case to the Commissioner for proceedings consistent with this opinion.

_____