# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1777

_____

Chantel Courtney

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2018
Filed: July 10, 2018

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SMITH, Chief Judge.

Chantel Courtney appeals from the district court's[1] affirmance of the Social Security Commissioner's decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

## I. *Background*

Courtney's daily activities primarily involve caring for her children and household. They include cooking, helping her kids get ready for school, and picking them up at the end of the day. She spends time with her sister, grocery shops, and manages the household finances. Courtney suffers from degenerative disc disease/degenerative joint disease of the spine, and has a history of syncopal episodes. She also suffers from left ankle degenerative osteoarthritis and has a history of bone fractures. Courtney has also been diagnosed with post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder.

In 2011, Courtney alleged she was disabled and applied for social security benefits. After remand from the Appeals Council, the Administrative Law Judge (ALJ) held a supplemental hearing. In his written opinion, proceeding through the five-step evaluation process, 20 C.F.R. § 416.920(a)(4), the ALJ found at steps one through three that Courtney had not engaged in substantial gainful activity in the relevant period and that she has severe mental and physical impairments. The ALJ concluded, however, that these impairments do not meet or equal impairments listed in the social security regulations. The ALJ then determined Courtney's residual functional capacity (RFC). At step four, the ALJ concluded that Courtney could no longer perform her past relevant work but can perform light work with appropriate limitations. At step five, the ALJ found that Courtney can adjust to other work with jobs existing in significant numbers in the national economy. He thus found that Courtney was not "disabled" within the meaning of the Social Security Act.

The Appeals Council denied Courtney's request for review. The ALJ's denial thus became the final agency decision and subject to judicial review. *Lott v. Colvin*, 772 F.3d 546, 548 (8th Cir. 2014) (citation omitted). Courtney sought judicial review. After the district court heard oral argument, it affirmed the ALJ's decision.

## II. *Discussion*

We review the district court's judgment affirming the denial of benefits de novo, and "[w]e will reverse the findings of an agency only if they are not supported by substantial evidence or result from an error of law." *Draper v. Colvin*, 779 F.3d 556, 559 (8th Cir. 2015) (citations omitted). In this appeal, we address whether the Commissioner failed at step five to show that Courtney could perform jobs in the national economy, by erroneously relying on the vocational expert's (VE) testimony.

At the hearing, the ALJ asked the VE a hypothetical question about an individual limited by factors not found in the Dictionary of Occupational Titles (DOT) or its companion publication, the Selected Characteristics of Occupations (SCO). Specifically, the ALJ asked the VE to assume a hypothetical claimant who can do the following:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently; can stand or walk for six hours out of eight; sit for six; should never climb ropes, ladders and scaffolds; can occasionally climb stairs and ramps, stoop, kneel, crouch and crawl; should avoid even moderate exposure to unprotected heights.
>
> She is able to understand, remember and carry out at least simple instructions and non-detailed tasks. She can demonstrate adequate judgment to make simple/work-related decisions and can respond appropriately to supervisors and co-workers, adapt to routine/simple work changes and take appropriate precautions to avoid hazards.

*See* Admin. Rec. at 54. The VE identified jobs that this hypothetical individual could perform. The hypothetical individual had the same characteristics as Courtney. After the hearing, the ALJ found that Courtney's RFC matched that of the hypothetical claimant.

-3-

On appeal, Courtney argues that the ALJ failed to properly weigh the VE's opinions as to Courtney's RFC. Specifically, Courtney points out that some of the limitations identified by the VE—those regarding memory of instructions, detail of tasks, simplicity of decisions, simplicity of workplace changes, and only routine workplace changes—are not included in or addressed by the DOT. Because some of the limiting factors in the hypothetical question are not in the DOT, Courtney argues, the VE necessarily considered knowledge and resources beyond the DOT in answering the question. Consequently, she contends that this extra-DOT testimony required that the ALJ examine the VE for the basis of his reliance. The ALJ did not. This, Courtney argues, was error. According to Courtney, on this record, the Commissioner failed to show that Courtney could perform jobs existing in significant numbers in the national economy.

Courtney compares the ALJ's failure to scrutinize the VE's factual basis with a case where there is an apparent conflict between VE testimony and the DOT. When such a conflict exists, the ALJ must ask questions that address it. Courtney says that an analogous duty to inquire further arises when a VE testifies regarding limitations that are unaddressed by the DOT—but that do *not* conflict with it. Courtney concedes there was no direct conflict between the VE testimony and the DOT in this case. She says it is possible, however, to view the lack of an explanation for the extra-DOT testimony as a "conflict," thus requiring further ALJ inquiry.

The Commissioner points out that this court has long held that an ALJ may properly rely on VE testimony. The Commissioner contends that no statute, regulation, administrative guidance, or authoritative case law supports Courtney's theory. Case law and social security rulings only dictate that an ALJ *must* inquire further if there is an apparent conflict between the VE's testimony and the DOT. The Commissioner believes that an ALJ is not required to ask questions of the VE to ascertain additional foundation for his or her testimony. The Commissioner avers that

-4-

the VE's qualifications and expertise established the requisite foundation for the VE's opinion.

We agree with the Commissioner. Social Security Ruling (SSR) 00-4p makes clear that before relying on VE evidence, adjudicators must "[i]dentify and obtain a reasonable explanation for any *conflicts* between" such evidence and the DOT. 2000 WL 1898704, at *1 (Dec. 4, 2000) (emphasis added). SSR 00-4p emphasizes that an adjudicator must resolve "apparent unresolved *conflict[s]*" between VE evidence and the DOT. *Id.* at *2 (emphasis added). But it does not impose a duty on the ALJ to obtain a reasonable explanation when the VE simply testifies to information not found in the DOT—but that does not conflict with it.

We have previously held that SSR 00-4p places an affirmative responsibility on the ALJ "to ask about 'any possible conflict' between VE evidence and the DOT, and to obtain an explanation for any such conflict, before relying on VE evidence to support a determination the claimant is not disabled." *Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014) (citing *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014)); *see also Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018) ("The Commissioner has ruled that an ALJ may not rely on a vocational expert's testimony about the requirements of a job if an 'apparent unresolved conflict' exists between that testimony and the job's description in the [DOT]." (citing *Moore v. Colvin*, 769 F.3d 987, 989–90 (8th Cir. 2014))). But we have never held that SSR 00-4p places an affirmative responsibility on the ALJ to inquire further when a VE merely testifies to information not included in the DOT, but that does not conflict with it. Absent social security statutes, regulations, or policy rulings to the contrary, we decline to impose an additional duty on ALJs to inquire about the basis of all extra-DOT testimony by the VE. The Social Security Administration (SSA) describes VEs as "reliable sources of occupational information" and "sources of occupational evidence." SSR 00-4p, 2000 WL 1898704, at *1, *2; *see also* 20 C.F.R. § 416.966(e) ("If . . . there is a . . . complex issue, we may use the services of a vocational expert or other specialist.").

We thus agree with the Commissioner that unless a VE's testimony appears to conflict with the DOT, there is no *requirement* that an ALJ inquire as to the precise basis for the expert's testimony regarding extra-DOT information.

Our precedent supports this conclusion. In *Welsh*, we considered an ALJ's duty under SSR 00-4p to resolve apparent conflicts. 765 F.3d at 929. There, the DOT descriptions of the proposed jobs were inconsistent with Welsh's RFC—the jobs required occasional lifting up to ten pounds, but Welsh was limited to lifting up to five pounds, and he could only do work requiring little if any use of his right hand. *Id.* at 927–28. The ALJ and Welsh's attorney both extensively cross-examined the VE about this conflict. *Id.* at 928. The VE explained that "based on her experience observing people at work, [the two proposed jobs] do not require lifting more than five pounds," and based on a vocational journal survey, the two "jobs could be adequately performed with one arm." *Id.* The ALJ's written decision credited the VE's opinion, which he found supported by her personal experience and professional reliance on the journal survey, and he concluded Welsh was not disabled. *Id.* at 928–29. We held that the ALJ correctly engaged in the analysis required by SSR 00-4p for apparent unresolved conflicts: the ALJ asked about inconsistencies and accepted the ALJ's explanation for the conflict and why Welsh could adequately perform the proposed jobs. *Id.* at 929–30. We explained that

> [w]hen an ALJ has posed a hypothetical that accurately reflects his RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony, the ALJ has complied with SSR 00-4p, and we review his decision under the deferential substantial evidence standard.

*Id.* at 930 (citing *Jones v. Astrue*, 619 F.3d 963, 978 (8th Cir. 2010)).

Applying these principles, in *Moore v. Colvin*, we remanded for resolution of an apparent conflict. 769 F.3d 987 (8th Cir. 2014). There, the VE recommended jobs

that the SCO described as requiring reaching "[f]requently," but the claimant's RFC limited him to only "occasional[]" overhead reaching. *Id.* at 989 (first alteration in original) (citation omitted). It was unclear whether the proposed jobs—which required frequent reaching—required more than occasional overhead reaching. *Id.* at 990. We remanded because the ALJ failed to evaluate this inconsistency between the VE's testimony and the DOT and improperly relied on the VE's testimony without resolving the apparent conflict. *Id.*

We have consistently held that if "substantial evidence supports the ALJ's phrasing of the hypothetical to the vocational expert, and there was no conflict between the vocational expert's testimony and the DOT, the ALJ properly relied on the testimony." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (citing *Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007) (holding that where the VE identified jobs the hypothetical individual could perform, and nothing suggested the VE ignored the reasoning limitations in determining suitable jobs, the ALJ properly relied on the testimony)). Further, an ALJ can "properly assume that the expert framed his answers based on the factors the ALJ told him to take into account." *Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir. 1991). Here, the ALJ described Courtney's limitations to the VE, the VE responded with possible jobs, and the VE's testimony did not conflict with the DOT. The ALJ was thus entitled to rely on the testimony. *See Moore v. Astrue*, 623 F.3d at 604.[2] The agency finding that Courtney is not disabled was

---

[2]Courtney's citation to a 2016 memorandum from the Chief ALJ of the SSA to all ALJs does not change our conclusion. *See generally* Soc. Sec. Reply Br., Exhibit 1, No. 4:15-cv-01894-CDP (E.D. Mo. July 4, 2016), ECF No. 19-1. Like the cases discussed above, the memorandum discusses an ALJ's duty to inquire further when he or she identifies a *conflict* between the VE's testimony and the DOT, and it suggests questions to pose to the VE to help resolve that conflict. *Id.* at 3–4. As the district court here pointed out, the law as it stands does not impose this affirmative obligation merely when the VE includes testimony additional to the DOT information. Likewise, Courtney's recent citation to last year's updated *Vocational Expert Handbook*, also issued by the Chief ALJ, guides VEs in identifying *conflicts*

supported by substantial evidence and did not result from an error of law. *Draper*, 779 F.3d at 559.

## III. *Conclusion*

We therefore affirm.

_____

<hr>

to the ALJ. *E.g.,* Soc. Sec. Admin., Office of Hearings Operations, Office of the Chief ALJ, *Vocational Expert Handbook* at 37–38 (August 2017), https://www.ssa.gov/appeals/public_experts/Vocational_Experts_(VE)_Handbook -508.pdf (explaining that an ALJ may not rely on conflicting VE testimony without finding a "reasonable basis for relying on [the] testimony rather than the conflicting DOT information," and that a "common reason[]" for a conflict might be because the VE testifies to reliable "information that is not listed in the DOT"). In other words, the handbook acknowledges that an apparent conflict may ultimately arise because a VE testifies to conflicting information from other sources or the VE's professional experience. Again, though, such a conflict did not exist here.