# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3616

_____

Kaitlin Welch

*Plaintiff - Appellant*

v.

Frank Bisignano, Commissioner of Social Security Administration[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 18, 2025
Filed: January 9, 2026
[Unpublished]

_____

Before SMITH, GRUENDER, and KOBES, Circuit Judges.

_____

---

[1]Frank Bisignano has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

PER CURIAM.

Kaitlin Welch appeals the district court's[2] order affirming the denial of disabled child's insurance benefits and supplemental security income. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Cropper v. Dudek, 136 F.4th 809, 813 (8th Cir. 2025) (standard of review).

Specifically, substantial evidence supported the administrative law judge's (ALJ's) findings that Welch did not have the medically determinable impairments of fibromyalgia, autism spectrum disorder, and attention deficit hyperactivity disorder, and that Welch's migraine headaches were a non-severe impairment; further, the ALJ considered Welch's pain and overlapping mental health symptoms in making the residual functional capacity (RFC) determination. See Grable v. Colvin, 770 F.3d 1196, 1200-02 (8th Cir. 2014) (affirming where ALJ considered claimant's pain in determining RFC, but did not include fibromyalgia because specialists found she did not meet criteria, despite other physicians' diagnoses of fibromyalgia); Gallus v. Callahan, 117 F.3d 1061, 1064-65 (8th Cir. 1997) (substantial evidence supported ALJ's finding that claimant did not have mental impairment; diagnosis by one provider was not supported by record, and other providers had concluded claimant had no such impairment); Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) (critical question in disability claim is not diagnosis, but rather functional limitations imposed by impairment).

We also find that the ALJ did not err in evaluating the opinions of Welch's psychiatric nurse practitioner, the medical expert at the first hearing, or Welch's partner, grandmother, and case worker. See Perkins v. Astrue, 648 F.3d 892, 901 (8th

---

[2]The Honorable Dulce J. Foster, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Cir. 2011) (substantial evidence supported ALJ's decision to discredit family members' statements because statements were inconsistent with record and were likely influenced by their affection for claimant); Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (ALJ properly discounted physician's opinion because it was inconsistent with physician's treatment notes, objective testing, and other medical evidence of record). Substantial evidence supported the ALJ's determinations that Welch's subjective complaints were not fully consistent with the record, and that Welch's RFC did not include any manipulative limitations. See Schwandt v. Berryhill, 926 F.3d 1004, 1012 (8th Cir. 2019) (ALJ properly discredited claimant's complaints based on objective medical evidence, treatment records, and daily activities); Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err in failing to include limitation in RFC, as he determined that claimant's allegations about such limitation were not credible).

Given the proper RFC determination, substantial evidence also supported the ALJ's conclusion, based on the vocational expert's (VE's) testimony, that Welch was not disabled. See Kraus v. Saul, 988 F.3d 1019, 1027 (8th Cir. 2021) (VE's testimony constituted substantial evidence because it responded to hypothetical with impairments accepted as true by ALJ and reflected in RFC). Finally, we find no merit to Welch's arguments that the occupations cited by the VE in response to the ALJ's hypothetical conflicted with the RFC determination. While the ALJ must resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT), see Moore v. Colvin, 769 F.3d 987, 989-90 (8th Cir. 2014), no such conflict existed here.

The judgment is affirmed.

_____